NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

BRANDI LOUISE RUSHING, *Appellant.*

No. 1 CA-CR 18-0678
FILED 4-18-2019

Appeal from the Superior Court in Maricopa County
No. CR2017-134942-001
The Honorable William R. Wingard, Judge *Pro Tempore*

**AFFIRMED AS MODIFIED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Jeffrey L. Force
*Counsel for Appellant*

**MEMORANDUM DECISION**

Chief Judge Samuel A. Thumma delivered the decision of the Court, in which Judge David D. Weinzweig and Judge Lawrence F. Winthrop joined.

**T H U M M A**, Chief Judge:

**¶1**    In this criminal case, the State of Arizona agrees that defendant Brandi Louise Rushing was entitled to 36 (rather than 34) days of presentence incarceration credit, the sole issue raised on appeal.

**¶2**    After a jury trial, Rushing was found guilty of one count of shoplifting with artifice or device, a class 4 felony. Given Rushing's prior criminal history, the superior court sentenced her as a Category One repetitive offender to a minimum prison term of 1.5 years, awarding her 34 days of presentence incarceration credit. This timely appeal followed.

**¶3**    Rushing does not challenge her conviction on appeal. Instead, she seeks a modification of her presentence incarceration to reflect "2 days [she] spent in custody immediately after her arrest," meaning her sentencing order "should therefore be corrected that [she] is entitled to a total of 36 days of presentence incarceration credit." The State concedes the point and "agrees with Rushing that she is entitled to an additional 2 days of presentence credit for a total of 36 days' credit."

**¶4**    Having considered the briefs on appeal and the relevant portions of the record, this court accepts the State's confession of error. Rushing is entitled to credit for "[a]ll time actually spent in custody pursuant to an offense until the prisoner is sentenced to imprisonment for such offense." Ariz. Rev. Stat. § 13-712(B). To comply with this requirement, her sentencing orders should have awarded Rushing 36 days of presentence incarceration credit.

**¶5**    Accordingly, although Rushing's conviction is affirmed, her sentence is modified to reflect that she is entitled to 36 days of presentence incarceration credit. In all other respects, her sentence is affirmed.

